**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| PEDRO SALAZAR, )<br>ID # 912262, )<br>      Petitioner, )<br>vs. )<br>)<br>WILLIAM STEPHENS, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>      Respondent. ) | No. 3:14-CV-1554-K (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **SUMMARILY DISMISSED** with prejudice.

**I. BACKGROUND**

Pedro Salazar (Petitioner) challenges a disciplinary conviction. The respondent is William Stephens, Director of TDCJ-CID, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) (Respondent).

**A.     Factual and Procedural History**

On February 11, 2000, a jury convicted Petitioner of murder in Cause Number F08-00102, in Dallas County, Texas, and sentenced him to thirty-five years' imprisonment. (Petition (Pet.) at 2). He appealed his conviction and sentence, his sentence was reversed by the Texas Court of Criminal Appeal on discretionary review, and the case was remanded for re-sentencing. *See Salazar v. State*, 118 S.W.3d 880, 881 (Tex. App.–Corpus Christi, Oct. 9, 2003). On August 1, 2005, Petitioner was re-sentenced to eighteen years' imprisonment. (Pet. at 2; *see also* www.tdcj.state.tx.us, search for Petitioner).

While serving his sentence for his conviction at the Reuben Torres Unit in Hondo, Texas, Petitioner was charged with the disciplinary offense of sexual misconduct. (Pet. at 5). On September 27, 2012, the disciplinary hearing officer found Petitioner guilty and assessed his punishment at ten days' loss of good time, forty-five days' loss of recreation and commissary privileges, and a reduction in time-earning status. (Pet. at 5). As a result of this disciplinary conviction, he was removed from consideration of parole and ordered to serve the remainder of his sentence. (Brief at 5). Petitioner filed Step One and Step Two grievances challenging this disciplinary conviction, both of which were denied. (Pet. at 5-6).

On January 3, 2014, Petitioner mailed a state habeas application challenging the disciplinary conviction. His state writ was denied on its merits by the Texas Court of Criminal Appeals on April 2, 2014 based on the trail court findings *See Ex parte Salazar*, WR-81,080-01 (Tex. Crim. App. April 2, 2014); *see also* [www.dallascounty.org,](www.dallascounty.org) Cause No. W99-18538-A. Petitioner mailed his petition for federal habeas relief on April 23, 2014, along with a brief in support. (Pet. at 10).

**B.**     **Substantive Issues**

Petitioner challenges the disciplinary conviction because the hearing officer refused to allow him to ask the charging officer certain questions, and because the hearing officer denied his request to call another officer as a defense witness. (Pet. at 6, Brief at 5). He asserts that because he lost good time credits, this denied him due process of law. (Brief at 8-12).

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Title

2

I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

3

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner alleges that his due process rights were denied during the hearing that resulted in his disciplinary conviction. "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when a disciplinary action results in a sanction that will impinge upon a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484-87 (1995). In Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision create a protected liberty interest in early release from prison. *See Teague v. Quarterman*, 482 F.3d 769, 776–77 (5th Cir. 2007); *Malchi*, 211

4

F.3d at 957-58 (holding that inmates that are eligible for release on mandatory supervision have a protected liberty interest in the loss of good-time credits).

As Petitioner acknowledges, he is not eligible for mandatory supervision as a result of his murder conviction. (Pet. at 5); *see* TEX. GOV'T CODE § 508.149(a)(2) (West 2013).  Therefore, the loss of good-time credits does not implicate a protected liberty interest.  To the extent that Petitioner is challenging his reduction in line status, he also has no constitutionally protected property or liberty interest in his classification or the loss of opportunity to accrue good-time credits. *Malchi*, 211 F.3d at 959; *see also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).  Likewise, commissary and recreation restrictions do not implicate due process concerns because they are not an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Malchi*, 211 F.3d at 959; *see also Hinojosa v. Thaler*, 427 Fed. App'x 354, 355 (5th Cir. June 6, 2011).

As for the denial of parole and the determination that Petitioner will have to serve his entire sentence, there is no constitutional right of a convicted person to be conditionally released before the expiration of his sentence.  *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979).  The Fifth Circuit has found that state prisoners in Texas "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).  Because there is no federal constitutional right to early release on parole, a habeas petitioner cannot state a constitutional violation based upon the denial of parole, even where he alleges that the parole denial was based on unreliable or even false information.  *Id*. at 305, 308-09.

Because Petitioner has no constitutional right that was violated by his disciplinary conviction,  the state court denial of his claims was not contrary to federal law, his grounds for relief are without merit, and his federal habeas petition should be summarily dismissed.

## IV. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **SUMMARILY DISMISSED** with prejudice.

**SIGNED on this 12th day of May, 2014.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE